IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2010

## STATE OF TENNESSEE v. BRANDON WILLIAMSON

**Direct Appeal from the Circuit Court for Madison County**
**No. 07-684     Donald Allen, Judge**

_____

**No. W2010-00273-CCA-R3-CD  - Filed October 18, 2010**

_____

The defendant, Brandon Williamson, appeals the revocation of his community corrections sentence, claiming that the trial court erred by ordering him to serve his original sentence in the Tennessee Department of Correction.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Brandon Williamson.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

On December 3, 2007, a Madison County grand jury indicted the defendant on four counts: (1) possession of .5 grams or more of cocaine with intent to sell, a Class B felony; (2) possession of .5 grams or more of cocaine with intent to deliver, a Class B felony; (3) possession of marijuana, a Class A misdemeanor; and (4) possession of drug paraphernalia, a Class A misdemeanor.  On March 17, 2008, the defendant pled guilty to counts 1, 3, and 4, with count 2 merged into count 1.  Pursuant to the negotiated plea agreement, the defendant received a total effective sentence of eight years in the Tennessee Department of Correction.  The court ordered him to serve thirty days in jail and serve the remainder of his

sentence in a community corrections program. As further conditions of his sentence, the court ordered the defendant to pay $75 per month for fines, restitution, and costs; to remain drug free; and to maintain full-time employment or be a full-time student.

On May 9, 2008, the defendant's community corrections supervisor filed a violation report, alleging that the defendant failed to report to the county jail as ordered by the court, and the court issued a warrant for his arrest. On June 9, 2008, the court filed an order reflecting the court's finding that the defendant was not in violation of his community corrections sentence and dismissing the warrant because the defendant had reported to jail at a later date.

On December 4, 2009, the community corrections supervisor filed a violation report alleging that the defendant failed to remain drug free based on a positive test for marijuana and the defendant's admission that he used marijuana. The court held a violation hearing on January 4, 2010. The court advised the defendant that the defendant had a right to a hearing and a right to be represented by an attorney at the hearing. The court told the defendant that he could speak with an attorney before deciding how to proceed. The court warned the defendant that "if [he admitted] to the allegation then [his] sentence of eight years could possibly be revoked[,] and [he] could possibly be ordered to serve that sentence, or at least some portion of that sentence in the Tennessee Department of Correction[]." The defendant admitted to the allegation and agreed with the court that he wished to waive his right to be represented by an attorney. The court then heard testimony from the defendant and his community corrections supervisor.

The defendant testified that he relapsed into drug use when his family visited on Thanksgiving Day. He further testified that he completed intensive outpatient treatment at Pathways after testing positive for drug use. The defendant said that he worked at Goodwill from November 2008 until July 2009, and he recently attended orientation to work for Wendy's. The defendant testified that he stopped working at Goodwill because he sometimes took care of his sick grandfather.

His supervisor, Monica Olsen, testified that the program tested the defendant for drugs three times. The defendant tested positive in January 2009, negative in July of 2009, and positive in December 2009.

The court noted that the defendant had only made five payments of $50 and one payment of $60. The state recommended that the court revoke the defendant's community corrections sentence, and the defendant requested that the court "[t]ry something else. Anything. Drug court or something." The court found that the defendant had substantially violated the terms and conditions of his probation by testing positive for marijuana on

December 1, 2009, and admitting to using marijuana. The court noted that the defendant completed intensive outpatient treatment but that the treatment did not prove to be successful. The court further noted that the defendant served a thirty-day "shock incarceration" period pursuant to his plea agreement and that the defendant had failed to pay $75 per month.

The court removed the defendant from the community corrections program and ordered him to serve the remainder of his sentence in the Tennessee Department of Correction. The court stated that it would recommend that the defendant receive drug treatment while incarcerated because his outpatient treatment "apparently . . . didn't help." The court appointed the public defender to represent the defendant on appeal.

**Analysis**

On appeal, the defendant argues that the trial court erred in revoking the defendant's community corrections sentence because the defendant "had done relatively well" in the program and freely admitted to the violation allegation. The defendant further contends that the trial court should have sentenced the defendant to "a period of shock incarceration" and then ordered the defendant to continue in the community corrections program.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311; *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). After finding a violation of probation and determining that probation should be revoked, a trial judge may: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* Tenn. Code Ann. §§ 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647 -48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Pursuant to Tennessee Code Annotated section 40-36-106(e)(4), upon a finding that a defendant has violated the conditions of his agreement, a trial court retains the authority to revoke a defendant's placement in a community corrections program and to cause execution of the original judgment as it was entered. Revocation proceedings for community corrections are conducted pursuant to Tennessee Code Annotated section 40-36-106(3)(B). Revocation of probation or a community corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The trial court must issue a statement setting forth the evidence and factors relied upon in making the determination to revoke probation. The trial court's findings may be written or oral, a statement in some form must be made. *State v. Delp*, 614 S.W.2d 395, 397 (Tenn. Crim. App. 1980).

In the case herein, the trial court stated its reasons for revocation. Specifically, the court stated that (1) the defendant tested positive for marijuana; (2) the defendant admitted to using marijuana; (3) the defendant did not pay restitution, fines, and costs as ordered; and (4) the defendant's previous outpatient treatment proved unsuccessful. The defendant's own testimony was more than adequate to support the trial court's decision. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. Considering the defendant's admission that he violated his community corrections sentence, after being warned of the consequences of such an admission, we conclude that the trial court did not abuse its discretion in revoking the defendant's community corrections sentence and ordering the defendant to serve the remainder of his sentence in the Tennessee Department of Correction.

### Conclusion

Based on the foregoing reasons, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE